

MARCUS NEIMAN RASHBAUM & PINEIRO LLP

www.mnrlawfirm.com

Hon. Roberto A. Lange                                                    April 17, 2025
Chief United States District Judge
United States Courthouse
400 S. Phillips Ave. Room 202
Sioux Falls, SD 57104
Roberto_Lange@sdd.uscourts.gov

*VIA EMAIL AND HAND DELIVERY*

**Re:**    ***United States v. Light*, 4:23-cr-40057-RAL**
           **IRA Financial Trust Company's Assertion of Rights under the Crime Victims'**
           **Rights Act, 18 U.S.C. § 3771**

Dear Chief Judge Lange:

We, the undersigned, represent IRA Financial Trust Company ("IRA Financial"), which is a victim of Evan Light's fraud in the above-referenced case. We were recently informed of the Court's restitution order of April 16, 2025 [DE 109]. We were distressed to learn of it, as IRA Financial has made clear to the Government that it wished to be heard by the Court and participate in the restitution process. IRA Financial was the custodian of certain of the customer-victim's stolen funds, and was subject to the cyber intrusion at the heart of this case. IRA Financial has experienced direct losses from Mr. Light's fraud, and it has compensated many of these customer-victims, and entered into binding agreements to pay them additional compensation in the near future. IRA Financial desires to be heard on the issue of its compensable losses and payment priority.

IRA Financial has a statutory right to participate in the restitution process pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771. A victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." § 3771(a)(4). Restitution is a component of criminal sentencing, which is traditionally a public proceeding. *See United States v. Thompson*, 713 F.3d 388, 394–95 (8th Cir. 2013) (discussing the public nature of sentencing proceedings). Even where similar proceedings are closed to the public, such as a dispositional hearing for a juvenile offense, this Court has held that a victim "has a right to be heard on how she was impacted by [the offense] conduct, make a claim for restitution if she wishes, and testify if there is a need for evidence on the restitution amount or otherwise." *See United States v. C.J.J.*, 635 F. Supp. 3d 768, 772 (D.S.D. 2022) (Lange, C.J.). Importantly, this right can be vindicated through motion by the victim or its lawful

---

| MIAMI OFFICE | FORT LAUDERDALE OFFICE |
|---|---|
| One Biscayne Tower | One Financial Plaza |
| 2 South Biscayne Boulevard, Suite 1750, Miami 33131 | 100 Southeast Third Avenue, Suite 805, Ft Lauderdale 33394 |
| P • 305-400-4260 | F • 866-780-8355 | P • 954-462-1200 | F • 866-780-8355 |

representative "in the district court in which a defendant is being prosecuted for the crime." § 3771(d)(1), (3).

IRA Financial writes this letter to request permission to petition the Court directly concerning this matter. IRA Financial regrets that this request is being made after the Court has entered its initial restitution order. However, IRA Financial has been an active participant in the restitution process with the Government (and, to an extent, the Court), and has made its desire to be heard on restitution clear since Mr. Light's initial sentencing hearing. Specifically,

- On multiple occasions over the past several months, IRA Financial has indicated to the Government that it wished to be heard by the Court concerning the compensability of specific losses that IRA Financial has suffered as the result of Mr. Light's crime, and the appropriate treatment of IRA Financial's present obligation to pay future sums to victims that may receive compensation for that same loss pursuant to the restitution process.[1]

- On or about April 4, 2025, undersigned attorney Derick Vollrath called the Court's chambers to inquire about the process of being heard on restitution. During that call, Mr. Vollrath was informed that the Government was expected to file a motion for restitution, and that IRA Financial and other victims would then have the ability to object and argue any additions to or variations from the Government's proposal as appropriate.

- When the Government's Motion was filed under seal and unavailable to IRA Financial, the undersigned attempted to file a motion to unseal or be provided with a copy of the Motion, however CM/ECF does not permit non-parties to make filings in criminal cases. Calls to the Clerk of Court also indicated that such filings would not be accepted.

- IRA Financial also requested a copy of the Motion from the Government, but this request was denied in the absence of a Court order. Instead, the Government offered to file an Amended Motion, and share the portion addressing IRA Financial. The Government then indicated that it would request a hearing if necessary, and that IRA Financial would have the opportunity to address the Court before that motion was decided. The Government also indicated a willingness to deliver such submissions that IRA Financial wished to make to the Court in connection with that process. This satisfied IRA Financial that it would have an opportunity to address the Court before any order was entered.

---

[1] This latter issue affects not only any restitution judgment in favor of IRA Financial, but also the restitution judgments in favor of the customer-victims who are the beneficiaries of IRA Financial's obligation, and therefore it was appropriate to hear before the entry of *any* restitution judgment.

2

- Instead, before any Amended Motion was filed, the Court ruled upon the Government's original Motion without IRA Financia having an opportunity to be heard.

The undersigned outlines the foregoing events not to fault the process or parties involved, but to explain why it is submitting this letter now, after the Court's April 16 Order.

At bottom, IRA Financial requests a clear method to be heard, approved by and coordinated with the Court, that is consistent with its rights under the Crime Victims' Rights Act. Accordingly, IRA Financial asks permission to file (1) a motion with the Court seeking access to the sealed filings concerning restitution in this matter, including the Government's motion and the Court's April 16 Restitution Judgment; and (2) a petition setting forth IRA Financial's position on appropriate restitution for the losses it has suffered due to Mr. Light's fraud, and an opportunity to present such evidence as may be required. Finally, the undersigned notes that Mr. Vollrath is not licensed in South Dakota (Mr. Shaull is so licensed). IRA Financial requests leave to file a motion to admit Mr. Vollrath pro hac vice to appear and argue on IRA Financial's behalf.

Respectfully,

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/ Derick R. Vollrath*


**DAVENPORT, EVANS, HURWITZ & SMITH LLP**

*/s/ Connor Shaull*


cc:    Jeremy Jehangiri, via email
        jeremy.jehangiri@usdoj.gov
        *Assistant United States Attorney*

        John R. Hinrichs, via email
        john@hpslawfirm.com
        *Counsel for Defendant*

        Michael Robert Bartish, via email
        mike@sbbllaw.com
        *Counsel for Defendant*

3